IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00480-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LYLE WILLIAM PERRY,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on defendant Lyle Perry's Motion for Compassionate Release [Docket No. 59]. He has supplemented his motion on several occasions. *See* Docket Nos. 64 and 65.

On October 31, 2018, Mr. Perry pled guilty to conspiracy to commit money laundering in violation of 8 U.S.C. § 371. Docket No. 14. On December 6, 2019, the Court sentenced Mr. Perry to, *inter alia*, 36 months imprisonment. Docket No. 53. Mr. Perry self-surrendered on December 31, 2019, and is currently incarcerated at FCI Englewood. Docket No. 59 at 1.

On March 19, 2020, Mr. Perry filed this motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id*. Mr. Perry requests that he be released from prison to home confinement for 90 days in order to care for his 93-year-old mother during the coronavirus (COVID-19) pandemic. *Id*. at 1. Mr. Perry further represents

that his age and underlying health conditions would make him vulnerable should the coronavirus spread within FCI Englewood. *Id*. at 3-4.

Section 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances[1] "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Mr. Perry submitted a request for release to the warden at FCI Englewood on March 22, 2020. Docket No. 64-1. Mr. Perry admits that the warden has not responded. Docket No. 64. Thus, Mr. Perry has failed to demonstrate that he has "exhausted all administrative rights" or that 30 days have elapsed from the warden receiving Mr. Perry's request for a sentence reduction, as the statute requires. Accordingly, the Court does not have jurisdiction to consider Mr. Perry's request for compassionate release. *See United States v. Keith*, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019) (finding that, where § 3582(c)(1)(A)'s

---

[1] Under the statute, the Court may order release if it finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

exhaustion requirement is not satisfied, the court is "without jurisdiction to entertain [defendant's] request for compassionate release").

Mr. Perry argues that the Court can still rule on his motion, either by reading an exception to the exhaustion requirement into the statute based on the possibility of irreparable harm or by holding that he has, given the factual circumstances, fully exhausted his administrative remedies. Docket No. 63 at 12-15. Neither argument is persuasive. As to irreparable harm, Mr. Perry fails to identify a Tenth Circuit case where such an exception to an exhaustion requirement has been found in a factually analogous context. Mr. Perry's citation to *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998), is not on point, as that case concerned a statute that, unlike § 3582, "does not specifically require the exhaustion of remedies" and the doctrine is applied "as a manner of judicial discretion." As to exhaustion, Mr. Perry contends that any administrative remedies should be considered "unavailable" because "further delay invites the harm that the remedy" is needed to forestall. Docket No. 63 at 14. This argument is similarly unsupported by case law. Mr. Perry cites to *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), arguing that the "logic" of that case is that "when a prisoner seeks administrative remedy but does not receive a response within the time required, it is impossible to achieve typical exhaustion." Docket No. 63 at 14. Here, however, § 3582(c)(1) specifically provides that a prisoner may bring his motion seeking a sentence reduction within 30 days even if the warden fails to respond to his request. In other words, the warden does not have the ability to prevent Mr. Perry from bringing his motion in this Court by sitting on his request for an

3

administrative remedy. Thus, the Court is not persuaded that *Jernigan* presents a factually analogous situation.

While the Court is not unsympathetic to Mr. Perry's situation, the Court may not take action where it lacks statutory authorization to do so.² The Court concludes that Mr. Perry has failed to demonstrate a basis for the Court to exercise jurisdiction over his request for a sentence reduction. It is therefore

**ORDERED** that defendant Lyle Perry's Motion for Compassionate Release [Docket No. 59] is denied without prejudice.

DATED April 3, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

² The Court notes that § 3582(c)(1)(A) is not the only pathway for Mr. Perry to obtain the relief he seeks. Title 18 U.S.C. § 3624(c)(2) permits the Director of the Bureau of Prisons (the "Director") to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The CARES Act, enacted on March 27, 2020, allows the Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under that statute. Pub. L. 116-136, § 12003(b)(2). Attorney General William P. Barr has issued a memorandum directing the Director to "prioritize the use of [the Director's] various statutory authorities to grant home confinement for inmates," considering "the totality of circumstances for each individual inmate, the statutory requirements for home confinement" and various discretionary factors. *See* Memorandum for the Director of Bureau of Prisons from the Attorney General, March 26, 2020, at 1-2. However, this procedure is separate from the Court's jurisdiction to order a sentence reduction pursuant to § 3582(c)(1)(A).