IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 18-cr-00480-PAB

UNITED STATES OF AMERICA,
    Plaintiff,

v.

LYLE WILLIAM PERRY,

    Defendant.

---

## MR. LYLE PERRY'S RENEWED MOTION FOR COMPASSIONATE RELEASE

---

COMES NOW, Mr. Lyle Perry, by and through undersigned counsel, and hereby submits this Renewed Motion for Compassionate Release.  This Court previously denied without prejudice Mr. Perry's motion because he had not either (a) exhausted administrative remedies, **or** (b) given the Warden 30 days to respond to his request for administrative remedy, under 18 U.S.C. § 3182(c)(1)(A).  (Doc. 66.)  Because the Warden of FPC Englewood failed to respond to Mr. Perry's request for compassionate release within the 30 days prescribed by § 3182(c)(1)(A), this Court has authority to reach the merits of Mr. Perry's motion.  Mr. Perry therefore renews the motion and asks the Court to grant it on the merits for the reasons previously stated and hereby incorporated by reference, as well as for the additional reasons stated herein.  *See* Docs. 59 (motion), 63 (reply), 64 (supplement), 65 (second supplement).  There is more information about COVID-19 now than when this motion was first filed on March 19, 2020 (Doc. 59).  The undersigned is aware that this Honorable Court is very much up-to-speed on the wide-ranging,

1

sinister aspects of this virus.  Given the current picture, the defendant remains an appropriate candidate for Compassionate Release for two reasons:  1) Mr. Perry's mother needs him; and 2) Mr. Perry's existing, well-documented health issues make him susceptible to a "bad result" if he becomes infected by the virus.  The defendant further states as follows:

## BACKGROUND

1) On March 19, 2020, Mr. Perry filed his Motion for Compassionate Release (Doc. 59).

2) On March 20, 2020, Mr. Perry filed his Supplemental Authority in Support of his Motion for Compassionate Release with the Declaration of Dr. Jaimie Meyer, Assistant Professor of Medicine at Yale School of Medicine and Assistant Clinical Professor of Nursing, Yale School of Nursing in New Haven, Connecticut (Doc. 61).

3) On March 22, 2020, Mr. Perry submitted his application for compassionate release to the Warden of FPC Englewood.  (Attached as Exhibit 1.)

4) On March 23, 2020, Mr. Perry received verbal confirmation from prison staff that the Warden had received his application for compassionate release.

5) On March 24, 2020, the government filed its Response to Mr. Perry's Motion for Compassionate Release (Doc. 62).

6) On March 26, 2020, Mr. Perry filed his Reply in Support of his Motion for Compassionate Release (Doc. 63).  In this Reply, the defendant noted that he had submitted a request to the Warden, FPC Englewood on or about March 23, 2020 (¶ 20).  This Reply included a Declaration from Mr. Perry's wife regarding the current status of Mr. Perry's mother, Betty Ruth Perry (Doc. 63-3).

7) On March 27, 2020, Mr. Perry filed his Supplement to his Reply in Support of his Motion for Compassionate Release (Doc. 64).  As noted in paragraph 2 of the Supplement, the "cop-

out" requesting compassionate release which was submitted to the Warden, was dated March 22, 2020 (Doc. 64-1).

8) On April 2, 2020, Mr. Perry filed his Second Supplement to his Reply in Support of his Motion for Compassionate Release (Doc. 65).

9) On April 3, 2020, this Honorable Court issued its order denying Mr. Perry's Motion without prejudice (Doc. 66). The court specifically stated, in pertinent part:

> Section 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances[1] "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Mr. Perry submitted a request for release to the warden at FCI Englewood on March 22, 2020. Docket No. 64-1. Mr. Perry admits that the warden has not responded. Docket No. 64. Thus, Mr. Perry has failed to demonstrate that he has "exhausted all administrative rights" or that 30 days have elapsed from the warden receiving Mr. Perry's request for a sentence reduction, as the statute requires. Accordingly, the Court does not have jurisdiction to consider Mr. Perry's request for compassionate release. See United States v. Keith, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019) (finding that, where § 3582(c)(1)(A)'s exhaustion requirement is not satisfied, the court is "without jurisdiction to entertain [defendant's] request for compassionate release").

10) The Warden of FPC Englewood signed a response denying Mr. Perry's request for compassionate release on April 29, 2020. It was hand-delivered to Mr. Perry on or about May 3, 2020. (Attached as Exhibit 2.)

---

[1] Under the statute, the Court may order release if it finds that:
    (i) extraordinary and compelling reasons warrant such a reduction; or
    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

11) As noted above, Mr. Perry pursued the proper administrative relief on or about March 22, 2020. The Warden of FPC Englewood failed to respond within the 30 days prescribed by § 3582(c)(1)(A). On May 7, 2020, the undersigned received in the mail the Warden's denial of administrative relief which was dated April 29, 2020, a total of 38 days after he submitted it.

12) Betty Ruth Perry had a heart attack on May 17, 2020. She was transported to the ICU at St. Anthony's Hospital in Denver. A heart catheter and stint were placed. Her prognosis is unknown, but she is showing resiliency. Betty Ruth Perry reportedly had a good night (last night) after the procedure and may be moved to a regular room soon. If she continues to improve, she may be released from the hospital toward the end of the week. At that point, she will require more care with respect to meals, medications, and personal hygiene. Prior to her heart attack, Betty Ruth Perry had been scheduled for an esophageal dilation, as well as the removal of a toe. These procedures are not simple for a person her age. Even before the heart attack, Betty Ruth Perry was having issues with her eyes and her ears (including an ear infection). She has still been seeing a urologist and her general practitioner for issues relating to multiple sclerosis.

13) Regarding Mr. Perry, the undersigned has also received a narrative report from Dr. William Scott Allan, dated April 8, 2020 which confirms the need for the compassionate relief. (Attached as Exhibit 3.) To summarize, Mr. Perry is at high risk of mortality if he is infected by the COVID-19 virus. He has hypertension – both systolic and diastolic. His hypertension is treated with Lisinopril and Metoprolol. Mr. Perry has type II diabetes, which is not well-controlled right now. He is given Metformin twice daily. However, prior to his incarceration, he was also given an injection of Bydureon once a week, which was discontinued when Mr. Perry arrived at FPC, Englewood. This has caused Mr. Perry's blood sugar level to be out of control. His previous level, at its worst, was 120. But he has consistently been running a blood sugar level of 160-220. Mr. Perry also takes a prescribed 81mg

of Aspirin daily due to his risk of blood clots associated with his diabetes – and clotting is a known complication with the COVID-19 virus. As noted in Dr. Allan's letter, Mr. Perry's obesity (his BMI is 46), he is well above the CDC guidelines for a maximum BMI, putting him into the high risk category for mortality from COVID-19. Mr. Perry also has Achalasia, an auto-immune disease, that he has struggled with for the past 10 years. He has had three surgeries, the last one was in November, 2019. He takes Omeprazole for one of its chronic symptoms, gastroesophageal reflux disease (GERO). He has an inhaler for a secondary symptom of the Achalasia – asthma. Some medications are being provided to Mr. Perry by the BOP--Metoprolol XL, Metformin, Lisinopri1, Omeprazo1e, and Aspirin. However, other medicines that Mr. Perry requires due to his medical conditions are not being provided – Bydureon injections and a second inhaler. As a result of his chronic diseases and the fact they are not being currently well-controlled, Mr. Perry is at a higher risk of mortality from COVID-19.

## ARGUMENT

14) The Court has authority to grant compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Multiple Courts have found that where the warden fails to respond within the 30 days prescribed by statute, the law empowers the Court to act on a defendant's motion. *See, e.g., United States v. Resnick*, No. 14 CR 810 (CM), 2020 WL 1651508, at *6 (S.D.N.Y. Apr. 2, 2020) (granting motion and finding jurisdiction where prisoner's request was submitted over 30 days prior); *United States v. Gray*, 416 F. Supp. 3d 784, 787–88 (S.D. Ind. 2019) (relief available because warden failed to respond within 30 days); *United States v. Lotts*, No. CR 08-1631 JAP, 2020 WL 835298, at *2 (D.N.M. Feb. 20, 2020) (more than 30 days elapsed so motion properly brought); *United States v. Spears*, No. 3:98-CR-0208-

SI-22, 2019 WL 5190877, at *3 (D. Or. Oct. 15, 2019) (motion ripe for review after 30 days from date prisoner "presented his request to the BOP").

15) Here, the Court has jurisdiction because over 30 days lapsed before the Warden issued his denial. Mr. Perry submitted his application for compassionate release to the Warden on March 22, 2020. Ex. 1. The Warden received the request no later than March 23, 2020, when Mr. Perry was informed of this. Moreover, Mr. Perry also attached a copy of this application as an exhibit to his Supplement to Reply and provided it to the government, which was filed on March 27, 2020. *See* Doc. 64-1. Well over 30 days later, on April 29, 2020, the Warden issued his denial. Ex. 2. Therefore, under the plain language of § 3182(c)(1)(A), because the passage of 30 days occurred "earlier" than the Warden's denial, no further exhaustion of administrative remedies need occur and the Court may reach the merits of the motion. *Resnick*, 2020 WL 1651508 at *6; *Spears*, 2019 WL 5190877, at *3.

16) The purpose of the First Step Act – to speed up and expand the availability of compassionate release – further supports this conclusion. Before the First Step Act, compassionate release depended solely on the bureaucratic machinery of the BOP, a process "so plagued by delay that prisoners sometimes died while waiting for the BOP to make a decision." *United States v. Jeremy Rodriguez*, No 2:03-CR-00271-AB-1, 2020 WL 1627331, at *5 (E.D. Pa. Apr. 1, 2020). The First Step Act was intended to "expand[] compassionate release" and "expedite[] compassionate release applications." 164 Cong. Rec. S7314-02, 2018 WL 6350790 (Dec. 5, 2018) (statement of co-sponsor Senator Cardin). Therefore, the statute explicitly provides an avenue to judicial relief where the BOP fails to act within 30 days.

17) As stated in his original motion which he incorporates by reference, two "extraordinary and compelling reasons" weigh in favor of granting Mr. Perry compassionate release:

first, Mr. Perry is best caregiver for his ailing mother, who due to her deterioration does not cooperate with other providers; second, Mr. Perry faces a high risk of serious illness or death from COVID-19 if kept in prison due to his age and chronic illnesses.  Both reasons support granting the motion under the catchall provision of U.S.C.G. § 1B1.13 and the statute. *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019) (emphasis added) (granting motion for compassionate release under § 3582 for reasons not specified in policy statement); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (granting motion for release due to BOP's mismanagement of inmate's medical care); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (finding Court has power to grant release under the "catch-all provision" of the policy statement, but declining to grant motion  under facts presented); *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (granting compassionate release where movant was sole caregiver for his "ailing mother").

18) The Court could grant Mr. Perry's motion on the first basis requested—that he is the primary caregiver for his ailing mother, and the Court need not necessarily reach the question of COVID-19 and its impact on Mr. Perry's health and safety.  However, should the Court reach that second question, multiple district courts have granted compassionate release under similar circumstances, for an individual who is at high risk of serious illness or death from COVID-19, and who is a low public safety risk.  *See, e.g., United States v. Hansen*, No. 17 CR 50062, 2020 WL 2219068 (ND Ill. May 7, 2020); *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008 (ED Mich. May 7, 2020); *United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855 (ED NC May 6, 2020); *Casey v. United States*, No. 4:18-cr-4, 2020 WL 2297184 (ED Va. May 6, 2020); *United States v. Quintero*, No. 08-CR-6007L, 2020 WL 2175171 (WDNY May 6, 2020); *United States v. Reid*, No. 17-cr-00175-CRB-2, 2020 WL 2128855 (ND Cal. May 5, 2020); *United States v.*

*Moskowitz,* No. 11-CR-793-1 (WFK), 2020 WL 2187770 (EDNY May 5, 2020); *United States v. Pabon*, No. 17-165-1, 2020 WL 2112265 (D Mass. May 4, 2020); *United States v. Echevarria,* No. 3:17-cr-44 (MPS), 2020 WL 2113604 (D Conn. May 4, 2020); *United States v. Early,* No. 09 CR 282, 2020 WL 2112371 (ND Ill. May 4, 2020); *United States v. Ardila,* No. 3:03-cr-264 (SRU), 2020 WL 2097736 (D Conn. May 1, 2020); *United States v. Soto*, No. 1:18-cr-10086-IT, 2020 WL 2104787 (D Mass. May 1, 2020); *United States v. Kelly,* No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241 (SD Miss. May 1, 2020); *United States v. Fischman,* No. 16-cr-00246-HSG-1, 2020 WL 2097615 (ND Cal. May 1, 2020); *United States v. Norris*, No. 7:19-cr-36-BO-2, 2020 WL 2110640 (ED NC Apr. 30, 2020).

## CONCLUSION

The Court has jurisdiction and granting the motion is appropriate.  Mr. Perry is a proper candidate for compassionate release.  Mr. Perry is the primary caretaker for his mother whose health is precarious.  In its response (Doc. 62), the government emphasized that Mr. Perry had not served significant time in prison.  However, the question is whether extraordinary and compelling circumstances make relief appropriate.  Given the critical need to care for his mother, who recently suffered a heart attack, such circumstances have been demonstrated.

Although the Court may grant compassionate release without reaching the question of COVID-19, the Court can also find that Mr. Perry is at high risk of serious illness or death from COVID-19, which continues to spread in prisons.  Waiting until the virus hits the FPC Englewood would be too late to prevent the harm.  By the time an outbreak is discovered, he will already have been exposed.  Mr. Perry faces grave and particularized risk from COVID-19 due to his age and chronic illnesses.

Mr. Perry also constitutes a low public safety risk if released.  To be sure, the underlying

criminal behavior, which occurred at end of 2013/beginning on 2014, constituted a serious fraud. The case was investigated at the beginning of 2014. The case lay dormant for years. When Assistant United States Attorney Anna Edgar concentrated her efforts on the case, she relatively quickly secured three felony convictions: Mr. Perry, Scott Cartwright and David Rietz. The government acknowledges that Perry's cooperation assisted in getting the Cartwright and Rietz convictions. Scott Cartwright was sentenced to 60-months' imprisonment and he is presently incarcerated at USP Tucson. David Rietz, who is now being represented by his third attorney, is scheduled to be sentenced on June 12, 2020. It is fair to assume that Rietz's sentence will be more severe than either Perry's or Cartwright's. Given the totality of the circumstances, allowing Mr. Perry to be released now would not undermine the seriousness of the crime. It would do no harm to the goals of sentencing, 18 U.S.C. § 3553. The Court can fashion strict conditions of release, thus further punishing Mr. Perry. Mr. Perry can reside in the duplex next to his mother, while reporting to the United States Probation Department as directed. The granting of compassionate release would be a reasonable exercise of the Court's discretion under the unique circumstances of this case.

WHEREFORE, the defendant respectfully requests that this Honorable Court grant Mr. Perry a Compassionate Release from the Federal Prison Camp at Englewood under appropriate supervisory conditions.

Respectfully submitted this 18th day of May, 2020.

*s/ Patrick J. Burke*
Patrick J. Burke
Patrick J. Burke, P.C.
303 16th Street, Suite 200
Denver, Colorado 80202
303-825-3050
303-825-2992 fax
Patrick-J-Burke@msn.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of May, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following, ***and also by electronic mail by counsel to U.S. Probation Officer*:**

Anna K. Edgar
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail:  Anna.Edgar@usdoj.gov


Gary Kruck, Gary_Kruck@cod.uscourts.gov
United States Probation Officer
The Byron Rogers United States Courthouse
1929 Stout Street, Suite C-120
Denver, CO 80294

                *s/ Jennifer J. Feldman*